IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>ADAM MICHAEL WEBBER,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER**<br><br><br>Case No. 2:14-cr-00443-DB<br><br>District Judge Dee Benson |

      This matter is before the court on a motion to sever filed by Defendant Adam Michael Webber. (Dkt. No. 25). Defendant's motion seeks to sever Counts 1 and 2 (the "firearm offenses") from Counts 3 through 8 (the "tax offenses") of the indictment, and to order separate trials for the charges as severed, pursuant to Federal Rule of Criminal Procedure 8(a). The court has considered the memoranda and other materials submitted by the parties and the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## **Background**

      Since approximately 2007, Mr. Webber has sold firearm parts through his business, HK Parts. (Def. Mot. to Sever at 2.) HK Parts was solely owned and operated by Mr. Webber. (Gov. Resp. to Mot. to Sever at 2.) Mr. Webber was precluded from obtaining a federal firearms dealer license because of a civil settlement agreement he entered with the United States as a result of an ATF administrative forfeiture action in 2005. (Def. Mot. to Sever at 2.) In approximately April 2009, Mr. Webber entered an agreement with a third party in which HK Parts would act as an

agent of the third party and list for sale firearms and other items on its website, www.hkparts.net. (*Id.* at 3.) During this same time period, from 2007 to 2010, Mr. Webber filed tax returns for himself and HK Parts. (*Id.* at 3-4; Gov. Resp. to Mot. to Sever at 3.)

On August 22, 2014, Mr. Webber was charged by indictment with eight criminal offenses. (Dkt. No. 1.) Count 1 alleges that Mr. Webber dealt firearms without a license in violation of 18 U.S.C. §922(a)(1)(a), Count 2 alleges that he smuggled firearm parts from the United States in violation of 18 U.S.C. § 554(a), and Counts 3 through 8 allege that Mr. Webber filed false tax returns between 2007 and 2008 in his individual capacity, and in 2009 and 2010 in both an individual capacity and in a business capacity, all in violation of 26 U.S.C. § 7206(1).

## Discussion

Joinder of offenses in a single indictment is appropriate when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Courts are to "construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997). The United States Supreme Court has observed that "joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (internal quotations omitted). In the interest of judicial economy, courts may consider the extent to which the evidence supporting the separate crimes overlap. *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991); *United States v. Mackey*, 117 F.3d 24, 26 (1st Cir. 1997). Courts may also consider the location and timeframes of offenses in

determining whether joinder is appropriate. *United States v. Bruck*, 152 F.3d 40, 43-44 (1st Cir. 1998).

Here, Mr. Webber's firearm offenses and tax offenses overlap substantially. The counts are all connected to the manner in which Mr. Webber ran his business, HK Parts. Many of the same witnesses and much of the same evidence will be used to prove each offense. There is extensive overlap and interplay of the evidence that will be used to support the firearm offenses and the tax offenses. As such, joinder is appropriate under Rule 8(a).

Even so, "[i]f the joinder of offenses…in an indictment…appears to prejudice a defendant..., the court may order separate trials of counts…or provide any other relief that justice requires." Fed. R. Crim. P. 14. A defendant bears the burden of making a "strong showing of prejudice" to obtain a severance. *United States v. Esch*, 832 F.2d 531, 537 (10th Cir. 1987); *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1992). A defendant must show that the court's refusal to sever would result in the denial of a fair trial. *United States v. Holland*, 10 F.3d 696, 699 (10th Cir. 1993) ("[p]rejudicial joinder occurs under Rule 14 when an individual's right to a fair trial is either threatened or actually deprived."). Here, Mr. Webber has not made any showing of prejudice to support severance pursuant to Federal Rule of Criminal Procedure 14.

## Conclusion

For the reasons stated above, Defendant's Motion to Sever is DENIED.

DATED this 21st day of January, 2015.

BY THE COURT:

_____
Dee Benson
United States District Judge